Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**OCTOBER 2019**

**002584**

E-Filing Number: 1910053231

| | |
|---|---|
| PLAINTIFF'S NAME<br>SHEILA PAULOS | DEFENDANT'S NAME<br>NORDSTROM RACK |
| PLAINTIFF'S ADDRESS<br>644 PINE STREET<br>PHILADELPHIA PA 19106 | DEFENDANT'S ADDRESS<br>1700 CHESTNUT STREET<br>PHILADELPHIA PA 19103 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>NORDSTROM RACK CHESTNUT STREET |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1700 CHESTNUT STREET<br>PHILADELPHIA PA 19103 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>NORDSTROM, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1617 6TH AVENUE<br>SEATTLE WA 98101 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[X] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br><br>OCT 22 2019<br><br>A. SILIGRINI | YES    NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>SHEILA PAULOS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>THOMAS F. SACCHETTA | ADDRESS<br>308 EAST SECOND STREET<br>MEDIA PA 19063 |
|---|---|
| PHONE NUMBER<br>(610)891-9212    FAX NUMBER<br>(610)891-7190 | |
| SUPREME COURT IDENTIFICATION NO.<br>46834 | E-MAIL ADDRESS<br>tom@sbattorney.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*THOMAS SACCHETTA* | DATE SUBMITTED<br>Tuesday, October 22, 2019, 03:19 pm |

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46823
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. A jury trial the is demanded. An assessment of damages hearing is not required.*

Attorney for plaintiff

| | | |
|---|---|---|
| SHEILA PAULOS<br>644 Pine Street,<br>Philadelphia, PA 19106 | : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL ACTION |
| Plaintiff | : <br> : | |
| | : | OCTOBER TERM, 2019 |
| v. | : <br> : | NO. |
| | : | |
| NORDSTROM RACK<br>1700 Chestnut Street,<br>Philadelphia, PA 19103<br>and<br>NORDSTROM RACK CHESTNUT<br>STREET<br>1700 Chestnut Street,<br>Philadelphia, PA 19103<br>and<br>NORDSTROM, INC.<br>1617 6th Avenue,<br>Seattle, WA 98101 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants | : | JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You

may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Philadelphia County Bar Association

Case ID: 191002584

Lawyers Referral and Information Service

1 Reading Center

Philadelphia, PA 19107

[215] 238-1701

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una compareencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia,Pennsylvania 19107
Telef.: [215] 238-1701

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46823
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Attorney for plaintiff

| | | |
|---|---|---|
| SHEILA PAULOS<br>644 Pine Street,<br>Philadelphia, PA 19106<br>             Plaintiff<br><br>    v.<br><br>NORDSTROM RACK<br>1700 Chestnut Street,<br>Philadelphia, PA 19103<br>    and<br>NORDSTROM RACK CHESTNUT<br>STREET<br>1700 Chestnut Street,<br>Philadelphia, PA 19103<br>    and<br>NORDSTROM, INC.<br>1617 6th Avenue,<br>Seattle, WA 98101<br>             Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL ACTION<br><br>OCTOBER TERM, 2019<br>NO.<br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, by and through her undersigned counsel, Thomas F.

Sacchetta, Esquire, and avers as follows:

1.    Plaintiff, Sheila Paulos, is an adult individual residing at 644 Pine Street, Philadelphia,

PA 19106.

2.    Defendant, Nordstrom Rack, is, upon information and belief, a corporation,

partnership, sole proprietorship, unincorporated association or other legal entity existing under the

laws of the Commonwealth of Pennsylvania with an address and principal place of business at 1700

1

Chestnut Street, Philadelphia, PA 19103. Defendant, Nordstrom Rack, regularly conducts business in Philadelphia County.

     3.     Defendant, Nordstrom Rack Chestnut Street, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania with an address and principal place of business at 1700 Chestnut Street, Philadelphia, PA 19103. Defendant, Nordstrom Rack Chestnut Street, regularly conducts business in Philadelphia County.

     4.     Defendant, Nordstrom, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Washington with an address and principal place of business at 1617 6th Avenue, Seattle, Washington 98101. Defendant, Nordstrom, Inc., regularly conducts business in Philadelphia County.

     5.     At all times relevant hereto, defendants were in exclusive possession, management and control of the property, staffing, shelving and products contained in Nordstrom Rack, as described below located at 1700 Chestnut Street, Philadelphia, PA 19103.

     6.     At all times relevant hereto, defendants were responsible for maintenance of 1700 Chestnut Street, Philadelphia, PA 19103.

     7.     On or about January 21, 2018, while plaintiff was lawfully on the aforesaid premises she was caused to suffer injury as a result of a defective condition of the premises, i.e. defective staffing and shelving of products contained in the store, causing an unreasonably dangerous condition to exist.

2

## COUNT I - NEGLIGENCE

### Plaintiff, Sheila Paulos v. Defendants

8.　　Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

9.　　The accident was caused exclusively and solely by the defendants' negligence, in that:

a.　　Defendant caused or permitted dangerous conditions to exist;

b.　　Defendant failed to make a reasonable inspection of the premises, which would have revealed the dangerous condition created by Defendant;

c.　　Defendant failed to give warning of the dangerous condition and failed to erect barricades or to take any other precautions to prevent injury to Plaintiff;

d.　　Defendant failed to remove the defective condition;

e.　　Defendant failed to exercise reasonable prudence and due care to keep the premises in a safe condition for the Plaintiff;

f.　　Defendant failed to properly staff the store that they were responsible for;

g.　　Defendant had defective shelving containing products, which was too high for patrons;

h.　　Defendant failed to provide adequate aid for patrons to obtain products; and

i.　　Defendant was otherwise negligent under the circumstances.

10.　　At all times relevant hereto, defendants acted through their employees, servants, and agents.

11.　　Defendants through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the premises and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants,

3

in the exercise of due care, could and should have known of the unsafe and dangerous condition of the premises.

12. Solely as a result of the negligence of defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to plaintiff's head, face and nose including fracture requiring surgery.

13. As a direct result of the aforesaid injuries, plaintiff suffered severe shock to her nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

14. Plaintiff has been compelled to expend and will be required to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

15. As a result of her injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss.

16. As a result of her injuries, plaintiff has suffered a permanent disability and a permanent impairment of her earning power and capacity.

17. As a direct result of the injury, plaintiff has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from so doing in the future, as her injuries seem to be permanent in nature.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in excess of the arbitration limit of this court.

SACCHETTA & BALDINO

By: /S/THOMAS F. SACCHETTA, ESQUIRE
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff

4

Case ID: 191002584

## <u>VERIFICATION</u>

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of his knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

/s/Thomas F. Sacchetta
THOMAS F. SACCHETTA