# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHEILA PAULOS,**<br>         **Plaintiff,**<br><br>     **v.**<br><br>**NORDSTROM RACK, NORDSTROM**<br>**RACK CHESTNUT STREET AND**<br>**NORDSTROM, INC.,**<br>         **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  19-5562** |

## MEMORANDUM OPINION

On January 21, 2018, Plaintiff Sheila Paulos was shopping for shoes at Defendant

Nordstrom Rack.  Plaintiff alleges that she reached for a pair of heavy boots displayed on the top

shelf, and the moment she touched the box it fell and struck her, injuring her face and nose.

Defendant now moves for summary judgment on Plaintiff's negligence claim pursuant to Federal

Rule of Civil Procedure 56.  *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment

if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law.").  For the reasons that follow, the Motion will be denied.

The parties agree that the Pennsylvania standard for negligence applies.  *See Merlini v.*

*Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009) (explaining that to succeed on a negligence

claim "the plaintiff must establish the defendant owed a duty of care to the plaintiff, that duty

was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss

or damages").  The parties likewise agree that Plaintiff was a business invitee, and consequently

Defendant is liable for physical harm to invitees caused by a condition on the property if it:

> (a) knows or by the exercise of reasonable care would discover the condition, and
> should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).  Additionally, Defendant concedes that issues of negligence and causation are generally questions for the jury.  *See Pa. R. Co. v. Rogers*, 244 F. 76, 78 (3d Cir. 1917) ("[W]hen there is conflict in the [evidence] such as to warrant reasonable men to draw different conclusions, questions of negligence. . . are primarily for the jury.").

Defendant argues for summary judgment on the grounds that Plaintiff cannot show: 1) that a dangerous or otherwise defective condition existed on Defendant's premises; or, 2) that Defendant had notice of such a condition.  Defendant's Motion will be denied because there are genuine issues of material fact as to both issues.  *See Doe v. Abington Friends Sch*., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of [the] burden of proof.").

First, Plaintiff presented evidence from which a reasonable jury could find that placing a pair of heavy boots unsecured on the top shoe rack was a dangerous or defective condition on Defendant's premises.  *See Dougherty v. Great Atl. & Pac. Tea Co*., 289 A.2d 747, 748 (Pa. Super. 1972) (affirming the jury's verdict on a negligence claim where a jar of olives fell six feet from the supermarket's top shelf and struck a customer because "[i]t is within the ambit of reasonableness for a jury to conclude that the stacking of food items to be selected by customers on high shelving, not readily reachable or viewable by employees or by customers, is subjecting customers to an unwarranted risk.").  Plaintiff points to her own testimony and that of Andrew Weiss, Defendant's district loss prevention manager, regarding the incident as evidence of the dangerous condition.  For instance, Plaintiff testified that the boots were heavy, she had to reach

2

for the box, and that the box was open.  Weiss testified that the shelves were six to seven and a

half feet tall, and that he was not aware of any policy regarding the type or weight of shoes that

may be placed on the top rack.  Neither was he aware of any stools or ladders that customers

could use to reach shoes or of any warnings or instructions regarding how to access shoes on the

higher shelves.  Plaintiff also references Defendant's policy on Hazard Identifications which

classifies "heavy items that are stored too high or not secured" as potential hazards.  Finally,

Plaintiff offers the testimony of her retail safety expert to establish that the placement and

display of heavy boots on the top shelf violated Defendant's safety procedures and industry

safety standards.  Defendant may challenge this evidence at trial, but "[c]redibility

determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

facts are jury functions" not to be resolved by the court at summary judgment.  *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Second, there is a genuine issue of material fact as to whether Defendant had notice of

the allegedly dangerous condition.  To recover in a negligence action, a business invitee "must

show that the proprietor knew, or in the exercise of reasonable care should have known, of the

existence of the harmful condition."  *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super.

1994) (citing Restatement (Second) of Torts § 343).  That is, "that it had actual or constructive

notice of the condition."  *Id.*  A proprietor is on constructive notice where the dangerous

condition would be apparent upon reasonable inspection.  *Com. Dept. of Transp. v. Patton*, 686

A.2d 1302, 1304 (Pa. 1997).  Because "whether a landowner had constructive notice of a

dangerous condition and thus should have known of the defect" is determined based on the

totality of the circumstances by weighing several factors, "it is a question for the jury, and may

be decided by the court only when reasonable minds could not differ as to the conclusion."  *Id.* at

1305; *see also Bremer v. W. W. Smith, Inc.*, 191 A. 395, 397 (Pa. 1937) (identifying factors affecting whether a business owner has constructive notice, such as "the time elapsing between the origin of the defect and the accident, [] the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it.").

Here, whether Defendant had constructive notice of the danger posed by placing heavy boots on the top shoe rack is a question for the jury.  According to Weiss, shoe associates or department managers were responsible for placing shoes on the racks.  As aforementioned, Defendant's hazard policy counsels employees "to be constantly vigilant for potential safety hazards," including "heavy items that are stored too high or not secured."  Yet, Weiss testified that he was not aware of any policy or procedures that dictated how often shoe department employees would monitor or inspect the shoe racks for potential hazards.  It is therefore possible for a reasonable jury to determine that Defendant knew, or upon reasonable inspection should have discovered, that the placement of the heavy shoebox at issue was a hazardous condition.

For the foregoing reasons, Defendant's Motion for summary judgment will be denied. An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**